# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1429V

|  |  |
|---|---|
| C.P.,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 22, 2022<br><br>Order; Motion for Redaction; Special Processing Unit (SPU); Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

### ORDER GRANTING MOTION TO REDACT[1]

  On September 18, 2019, C.P. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration, a defined Table Injury, after receiving the influenza vaccine on November 23, 2016. Petition at 1, ¶¶ 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of my conclusion below, I intend to post this Order with a redacted caption**. To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 28, 2022, I issued a decision awarding Petitioner an amount agreed upon by the parties. ECF No. 56. On June 30, 2022, Petitioner filed a timely motion to redact information in the Decision. ECF No. 57.

For the reasons stated below, I hereby grant Petitioner's Motion, and order that his name be redacted to initials in the Decision issued on June 28, 2022.

### I.     Petitioner's Motion for Redaction

Petitioner requests that I "redact his name to his initials throughout his Decision on Joint Stipulation, including his case caption." Petitioner's Motion to Redact the Court's June 28, 2022 Decision on Joint Stipulation ("Motion") at 4. Due to his profession as a physician, Petitioner "is concerned that if his name appears in the context of a Vaccine Program proceeding, it could adversely impact his medical practice and professional relationships with his patients and colleagues." *Id.* at 3-4.

Respondent failed to file a response to Petitioner's motion. The matter is now ripe for resolution.

### II.     Legal Standard

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of*

*Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury but no public interest in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g., K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

### III.  Analysis

I have previously discussed in other orders the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a "**clearly unwarranted** invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

Under the correct standard, a petitioner's general concern for privacy, shared by many vaccine case petitioners, is not sufficient to warrant redaction, especially when there is a strong public interest in the information's disclosure. *See W.C.*, 100 Fed. Cl. at

461. In this case, Petitioner has presented a credible argument establishing that the ability to easily link him to the Decision issued on June 28, 2022, may adversely affect his work as a physician. *See* Motion at 3-4. And identifying information such as Petitioner's full name serves no public disclosure interest.

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury, but no public interest *per se* in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013). Here, I find that granting Petitioner's request to redact his name to reflect his initials only has both been justified by the Motion, and is not contrary to the Program's policy concerns about publicizing its entitlement decisions,

## IV.     Conclusion

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of his name in the Decision issued on June 28, 2022, and I therefore **GRANT** the motion filed by Petitioner on June 30, 2022, at ECF No. 57.

**The Clerk of this Court is hereby instructed to change the caption of this case to the caption above.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
